UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**KEITH B. HARRIS**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO: 5:06-CV-P31-R**

**ROEDERER CORRECTIONAL COMPLEX et al.**                                 **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Keith B. Harris, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff was incarcerated at Roederer Correctional Complex before he was transferred to the Kentucky State Reformatory on December 5, 2005.  He names as defendants the Roederer Correctional Complex and the Kentucky State Reformatory.  He sues each defendant in its official capacity and requests monetary damages of $200,000, punitive damages of $250,000, and monetary relief for pain and suffering in the amount of $250,000.   He alleges that on December 5, 2005, he was detained in a holding facility because of an inmate conflict but that the proper procedures were not followed therefore resulting in unlawful imprisonment.  He also alleges that, when he was transferred to the Kentucky State Reformatory, he was sexually assaulted by a corrections officer during a strip search.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a). Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." In enacting this provision, Congress imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is mandatory, *id.*; *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), and requires "proper" exhaustion, *i.e.*, the prisoner must complete the administrative review process according to applicable procedures and deadlines. *Woodford v. Ngo*, ___ U.S.___, No. 05-416, 2006 WL 1698937, at *7 (June 22, 2006). Among other things, requiring proper exhaustion "gives prisoners an effective incentive to make full use of the prison grievance process and . . . provides prisons with a fair opportunity to correct their own errors." *Id.*

Both the Roederer Correctional Complex and the Kentucky State Reformatory have an inmate grievance procedure. *See* Kentucky Corrections Policies and Procedure Policy No. 14.6 (referencing ACA Standard 4-4284, 4-394; KRS §§ 196.035, 197.020, 197.023). The grievance procedure requires a written grievance, which then may be resolved informally. If the informal resolution does not satisfy the grievant, he may file a written request to hold a hearing. If the resolution of the grievance at this stage does not satisfy the grievant, he may file an appeal with the Grievance Coordinator.

In the instant case, the plaintiff states that, although the institution where he claims the incidents occurred had a grievance procedure, he did not file a grievance because he "was in the hole" and feared for his life. He further states that he did write the warden a letter on December 7, 2005, and that he received a reply dated December 16, 2005. The plaintiff has attached a copy of a letter from Ravonne Sims at the Kentucky State Reformatory dated December 16, 2005, which states that the plaintiff had been placed in segregation from the

Roederer Correctional Complex due to a conflict.  It further states that the plaintiff was advised of the reason for the detention at the time and that, because one of the institution's primary obligations is his safety, he could not be housed at an institution in which he had a documented conflict.  He also attaches a detention order dated December 5, 2005, which states that he was placed in segregation at the Kentucky State Reformatory due to his having an active conflict with an inmate at the Roederer Correctional Complex.

Because the plaintiff admits that he did not follow the prison grievance procedure, he clearly has not exhausted his claims.  Despite the plaintiff's failure to exhaust available administrative remedies, this court may nevertheless "dismiss the underlying claim without first requiring the exhaustion of administrative remedies" if the "claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 U.S.C. § 1997e(c)(2).  This is such a case where exhaustion is not required as the plaintiff has failed to state a claim upon which relief may be granted.

The plaintiff sues only the Roederer Correctional Complex and the Kentucky State Reformatory for monetary damages.  He names no individual defendants.  Because both facilities named as defendants are state institutions, the plaintiff's complaint is barred by the Eleventh Amendment.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Because the plaintiff is seeking monetary damages against defendants who are immune from such relief, this court must dismiss the plaintiff's complaint.  28 U.S.C. § 1915A(b)(2) ("On review, the court shall . . . dismiss the complaint . . . if the complaint . . . seeks monetary relief from a defendant who is immune from such relief.").

The court will enter an order consistent with this memorandum opinion.

Date:

cc:	Plaintiff, pro se
	Defendants
	General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009